**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-4728**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DONALD STEPHEN SCOTT,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:08-cr-00027-LHT-1)

———————————

Submitted:  June 10, 2010                    Decided:  July 6, 2010

———————————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William C. Spaht, John C. Neiman, Jr., BRADLEY ARANT BOULT CUMMINGS, LLP, Birmingham, Alabama, for Appellant. Edward R. Ryan, United States Attorney, Charlotte, North Carolina; David A. Thorneloe, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Stephen Scott appeals his conviction and 144-month sentence imposed following his guilty plea to one count of transmission of child pornography via a computer, in violation of 18 U.S.C.A. § 2252(a)(1) (West Supp. 2010); twelve counts of receiving child pornography, in violation of 18 U.S.C.A. § 2252(a)(2) (West Supp. 2010); and one count of possession of materials containing visual depictions of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C.A. § 2252(a)(4)(B) (West Supp. 2010). Scott reserved his right to appeal the district court's denial of his motion to suppress, and on appeal he challenges that denial, as well as his sentence. For the following reasons, we affirm.

Scott first challenges the district court's denial of his motion to suppress. This court reviews the factual findings underlying the district court's denial of a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). A factual finding is clearly erroneous if this court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted). However, "if the district court's account of the evidence is plausible in light of the

2

record viewed in its entirety," this court will not reverse the district court's finding even if it would have "decided the fact[s] differently." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks and alteration omitted). In other words, when two views of the evidence are permissible, "the district court's choice between them cannot be clearly erroneous." Id. (internal quotation marks and alteration omitted). When a motion to suppress has been denied by the district court, this court construes the evidence in the light most favorable to the Government. United States v. Farrior, 535 F.3d 210, 217 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008).

While private searches ordinarily do not offend the Fourth Amendment, when "a private individual acted as a Government agent," Fourth Amendment protections are implicated. United States v. Day, 591 F.3d 679, 683 (4th Cir. 2010); see United States v. Jacobsen, 466 U.S. 109, 113 (1984).

This court considers two primary factors in determining whether a private search implicates the Fourth Amendment: "(1) 'whether the Government knew of and acquiesced in the private' individual's challenged conduct; and (2) 'whether the private individual intended to assist law enforcement or had some other independent motivation.'" Day, 591 F.3d at 683 (quoting United States v. Jarrett, 338 F.3d 339,

3

344 (4th Cir. 2003)). The first factor requires "evidence of more than mere knowledge and passive acquiescence by the Government before finding an agency relationship." Jarrett, 338 F.3d at 345. Scott bears the burden of proving the existence of an agency relationship. Id. at 344.

Scott asserts that the Fourth Amendment was implicated when a computer technician with whom Scott had left his computer for repair opened the desktop file containing pornographic images in an investigator's presence. Our review of the record leads us to agree with the district court that although the investigator was present, there was no evidence that he directed the technician to open the file. Thus, Scott fails to establish an agency relationship. Accordingly, the district court properly denied the motion to suppress.

Scott next challenges the substantive reasonableness of his sentence. This court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). In assessing substantive reasonableness, we consider the totality of the circumstances. Id.

Scott argues that the district court should have disregarded U.S. Sentencing Guidelines Manual § 2G2.2(a)(2) (2008) in determining his sentence. This argument fails. The Supreme Court has made clear that "[a] district court should

4

begin by correctly calculating the applicable Guidelines range," and use it as a "starting point and initial benchmark" in sentencing.  <u>Gall</u>, 552 U.S. at 49.  After doing so in this case, the district court chose to vary downward from that range, having considered the sentencing factors and the arguments of counsel.  We conclude that the district court's variance sentence is substantively reasonable under the totality of the circumstances.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>